THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2022

**JOSHUA ALLEN FELTS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2011-B-1597    Monte Watkins, Judge**

_____

**No. M2020-01688-CCA-R3-PC**

_____

The Petitioner, Joshua Allen Felts, appeals from the Davidson County Criminal Court's denial of post-conviction relief from his convictions for three counts of theft and two counts of attempted theft. On appeal, the Petitioner contends that the post-conviction court erred by denying relief on his ineffective assistance of trial counsel claims. We reverse the post-conviction court's judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Ashley D. Preston, Nashville, Tennessee, for the appellant, Joshua Allen Felts.

Herbert H. Slatery III, Attorney General and Reporter; Katharine Kalinke Decker, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; Roger D. Moore, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 12, 2013, a jury convicted the Petitioner for theft of property valued at $500 or less, attempted theft of property valued at $1000 or more but less than $10000, attempted theft of property valued at over $500 but less than $1000, and two counts of theft of property valued at $1000 or more but less than $10000. *See State v. Joshua Allen Felts*, No. M2013-01404-CCA-R3-CD, 2014 WL 2902261, at *1 (Tenn. Crim. App. June 25, 2014). The Petitioner received an effective twelve-year sentence. *Id.*

The case involves the theft of four laptop computers and a Garmin navigational device (Garmin). *Id.* Trial proof established that Williamson County Sheriff's Detective Grant Benedict found stolen laptop computers inside a building leased by the Petitioner for a tattoo business, that the employees told the detective the Petitioner gave them the laptop computers to use for the business, that one of the laptop computers was found inside the Petitioner's bedroom in the building, and that a stolen Garmin navigational device was found inside the Petitioner's car. *Id.* at *9. At the trial, the only victim to testify regarding any of the recovered stolen items was James Collins, who testified that on a night in November 2010, someone took his laptop computer from his car parked in his driveway. Mr. Collins said he originally purchased the laptop computer for approximately $1300. *Id.* at *1.

On appeal from his convictions, the Petitioner raised three issues: (1) the sufficiency of the evidence, (2) denial of the motion to suppress, and (3) failure to preserve the chain of custody. *Id.* at *10. This court concluded that though the detective's testimony consisted of hearsay, the issue was waived because trial counsel failed to object, and the jury could consider the hearsay testimony as substantive evidence. *Id.* at *9. This court concluded that the evidence was sufficient to establish the Petitioner's convictions. *Id.* The State conceded on appeal, and this court agreed, that the State failed to establish the value of the stolen items in Counts One, Two, Three, and Four. The case was remanded to the trial court for entry of amended judgments as follows: Counts One and Four amended to theft of property valued at less than $500, and the sentences in Counts One and Four reduced to eleven months and twenty-nine days; Counts Two and Three amended to attempted theft of property valued at less than $500, and the sentences in Counts Two and Three reduced to six months. Regarding Count Five, this court concluded that a jury could reasonably determine fair market value of that stolen laptop based on Mr. Collins's testimony. *Id.* at *10.

The Petitioner filed a pro se petition for post-conviction relief on July 22, 2014. Post-conviction counsel was appointed and filed an amended petition on October 12, 2017. A post-conviction hearing was held on October 26, 2020. The Petitioner raised allegations of the ineffective assistance of trial and appellate counsel in the pro se petition and the amended petition.

At the post-conviction hearing, appellate counsel[1] testified that the Petitioner retained her to represent him during his sentencing and motion for a new trial proceedings, and in the appeal from his convictions. Counsel explained that trial counsel had filed a motion to suppress and that she would have handled the motion differently. Counsel said that by the time she represented the Petitioner, the suppression issue had been litigated and

---

[1] The Petitioner retained three attorneys during the process of his trial and appeal. For clarity, we will refer to them as original counsel, trial counsel, and appellate counsel.

she was "stuck with" what trial counsel had done. Counsel said that trial counsel did not give her a copy of the Petitioner's file and that she did not recall having any "substantive discussions" with trial counsel about the Petitioner's case. Counsel said that on appeal, she was successful to the extent that this court granted relief on four of the five convictions. Counsel said that the State had failed to prove the value of the stolen items related to the four convictions. Counsel said she would have used a different trial strategy and made objections that trial counsel did not. Counsel said that the Petitioner was "very upset" with trial counsel regarding how he had handled the trial. She said that in the appeal she did the best she could "with what I had to work with."

The Petitioner said that he was prepared to testify about how he received the ineffective assistance of trial and appellate counsel. The prosecutor objected to any testimony regarding appellate counsel's representation. The prosecutor asked the post-conviction court to limit the scope of the hearing to the issues raised in the October 12, 2017 amended petition for post-conviction relief, which did not contain allegations of ineffective assistance of appellate counsel. The Petitioner told the court that he wanted to testify about appellate counsel's ineffective assistance, and the court responded, "[W]e have to go by the record, as what was agreed upon with respect to this hearing. That's all I'm doing. I'm not doing anything outside of that."

Trial counsel testified that he began representing the Petitioner when the Petitioner's original counsel accepted a job in another country. Counsel said that he obtained the Petitioner's file and began representing him "a matter of weeks" before the Petitioner's February 2013 trial. Counsel identified his October 11, 2011 email exchange with the Petitioner's sister. Counsel identified another document as the State's notice of intent to use the Petitioner's previous conviction as a prior bad act for impeachment purposes, which contained a certificate of service stating it was mailed to counsel on August 5, 2011. Counsel confirmed that the documents indicated he was the counsel of record on the Petitioner's case approximately two years before the Petitioner's trial. Counsel said that he had difficulty obtaining the Petitioner's file and maintained that he only had "a matter of weeks" to prepare for the trial. Counsel identified an August 5, 2011 certificate of service indicating that he had received discovery material. Counsel stated that he did not receive discovery until late 2012 and that he could not explain why the court documents said he was served with discovery in August 2011. Counsel said that the Petitioner was incarcerated "out of county" and that he did not remember if he reviewed the discovery materials with the Petitioner. Counsel said that he knew the stolen items in the Petitioner's case were stolen from a location in Williamson County but were discovered in Davidson County and that there was a potential jurisdiction problem. However, counsel said that he did not recall discussing the jurisdiction issue with the Petitioner.

Trial counsel testified that the Petitioner gave him a list of names of people to call as potential witnesses at the trial. He said the list included several of the Petitioner's friends

and several police officers. Counsel said that he did not subpoena anyone on the list because the friends on the lists were convicted felons. Counsel said that he did not believe the police officers on the list would have been helpful witnesses because they were more likely to testify against the Petitioner. He said he discussed this with the Petitioner shortly before trial. Counsel said that he did not employ a private investigator to try to interview the people on the Petitioner's witness list. Counsel said that while he now knew that the Petitioner was a career offender, he did not know if he knew this at the time of the trial.

Trial counsel testified that he did not remember the first time he spoke to the Petitioner, but that it likely would have been after he received the Petitioner's file, which counsel said was a few weeks before trial. Counsel said that the only times he met with the Petitioner were at the courthouse. Counsel said that he filed a motion to continue the case "shortly before trial" but that it was denied. Counsel did not recall what he discussed with the Petitioner regarding his trial strategy. Counsel said "it was fairly obvious" the Petitioner had not stolen the items but that most of the recovered items were found in a commercial building the Petitioner leased. Counsel said that he did not recall if the State extended a plea offer but that if an offer were made, he would have conveyed it to the Petitioner. Counsel said that he did not recall speaking to the Petitioner about the Petitioner's wanting counsel to withdraw from the Petitioner's case. Counsel said that he would not have proceeded to trial if the Petitioner did not want counsel to represent him. Counsel identified a letter from the Petitioner's sister indicating that counsel received the Petitioner's discovery six or seven months before trial. Counsel said that this letter "clear[ed] up quite a bit" about when he received the Petitioner's file, and he agreed that he received it months, not weeks, prior to the Petitioner's trial.

Trial counsel testified that his trial strategy was to show that the stolen items found at the Petitioner's tattoo parlor were brought there by his employees because the Petitioner had no reason to go into his employees' individual workspaces. Counsel explained the evidence showed that the Petitioner primarily kept to "his area and his area alone." Counsel said that he discussed this strategy with the Petitioner. Regarding the search done in the Petitioner's case, counsel said that "today," he would have "a million concerns about it," but that at the time of the Petitioner's trial he was not concerned. Counsel said that he discussed the search with the Petitioner but that he did not remember if he filed a motion to suppress. Counsel reiterated that he recalled "nothing about the preparation for trial." Counsel said that he did not recall viewing any of the items seized in the search following the Defendant's arrest.

Trial counsel testified that he did not recall filing a motion to withdraw from the Petitioner's case. When asked if he knew whether the Petitioner filed pro se motions requesting that counsel be removed from the Petitioner's case, counsel said that on the morning of trial, the Petitioner was "okay" with counsel's representing him.

Trial counsel testified that the victim testified about only one of the five theft counts in the indictment. Counsel said a detective offered testimony regarding the remaining four counts. Counsel did not recall if he objected to the detective's testimony as hearsay. When confronted with this court's opinion from the Petitioner's appeal from his convictions, counsel said he would not dispute the opinion's statement that counsel did not object to the detective's hearsay testimony. Counsel agreed that testimony about ownership of an item was an essential element the State needed in order to prove theft. Counsel agreed that if the State were unable to establish all of the elements of theft, those charges would fail. Counsel agreed that had he objected to the detective's hearsay testimony, no proof regarding ownership would have existed for four of the five theft charges.

The Petitioner testified that trial counsel began representing him in June 2011. The Petitioner explained that he first retained a lawyer but that original counsel transferred the case to trial counsel. The Petitioner said that he objected to trial counsel taking over his case but that trial counsel did not respond to his letters. The Petitioner said that he contacted the Board of Professional Responsibility to see if they could help him remove counsel from his case. The Petitioner said that he filed a pro se motion to remove counsel in June 2012. The Petitioner said that he sent counsel multiple letters requesting his withdrawal from the case, discussed withdrawal during a phone call with counsel, and asked counsel to withdraw the morning of the trial. The Petitioner said that counsel conveyed a plea offer of two years on the morning of trial but that counsel did not explain the offer or the potential consequences of proceeding to trial.

In a written order, the post-conviction court found that trial counsel's and appellate counsel's performances were not deficient. The court found that appellate counsel had little involvement with the Petitioner until the Petitioner's appeal from his convictions. The court found that trial counsel filed a motion to suppress, which was denied, and that there was hearsay testimony regarding ownership of the stolen items. The court determined that counsel's decision not to call the Petitioner's requested witnesses was strategic because the witnesses were "career offender felons" and had "nothing to contribute to the case." Thus, the court found that the Petitioner failed to demonstrate by clear and convincing evidence that he received the ineffective assistance of counsel. The court denied relief, and this appeal followed.

The Petitioner contends that the post-conviction court erred by concluding that the Petitioner received the effective assistance of trial counsel. The Petitioner argues that trial counsel was ineffective by (1) failing to object to the detective's hearsay testimony regarding the ownership of stolen items related to four of the five theft convictions, (2) failing to adequately prepare for trial, and (3) for failing to communicate with the Petitioner. The Petitioner also argues that the cumulative effect of trial counsel's errors prejudiced the Petitioner and violated his constitutional rights. The State responds that the Petitioner waived his claim that counsel was ineffective by failing to object to the

detective's hearsay testimony at trial and that the post-conviction court did not err by denying the Petitioner's claim that trial counsel was ineffective for failing to prepare the Petitioner for trial and to communicate with him.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Following appellate counsel's testimony at the post-conviction hearing, the State asked the post-conviction court to limit the scope of the hearing so that the Petitioner would not be allowed to testify about allegations related to appellate counsel, and the post-conviction court agreed that the hearing should be limited to the issues contained in the Petitioner's amended petition for post-conviction relief. The Petitioner's counsel did not object. The State's limiting request was focused solely on any potential allegations against appellate counsel, and there was no mention of claims contained in the pro se petition being waived because they were not explicitly stated in the amended petition. The Petitioner was not allowed to testify regarding appellate counsel's performance. However, the Petitioner was allowed to testify about claims contained in the pro se petition and the amended petition, including his claim that he received the ineffective assistance of trial counsel by counsel's failure to object to the detective's hearsay testimony regarding ownership of the stolen items. Moreover, trial counsel was also asked about the detective's hearsay testimony.

In the written order denying post-conviction relief, the post-conviction court listed the petitioner's claims from the amended petition, but did not include the claim that trial counsel was ineffective by failing to object to the detective's hearsay testimony, which was set out in the pro se petition. However, the amended petition states:

> Comes now the Petitioner . . . by and through counsel of record, . . . , without waiving any claims contained within the Petitioner's original *Petition for Post-Conviction Relief*, and hereby amends and supplements his original *Petition for Post-Conviction Relief*. The claims are herein and the claims contained within the Petitioner's original *Petition for Post-Conviction Relief* are brought pursuant to *Tennessee Code Annotated* [section] 40-30-101 *et. seq.*, the Tennessee Constitution, and the Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

(Emphasis in original). As a result, contrary to the court's ruling during the hearing, the claims contained in the original pro se petition were not waived by the filing of the amended petition. The Petitioner and trial counsel testified about claims contained in the pro se petition and the amended petition, including the hearsay issue. Thus, the court did not meet the requirements of Tennessee Code Annotated section 40-30-111(b) when it failed to state its findings of fact and conclusions of law with regard to the all of the Petitioner's grounds for relief, which included the failure of trial counsel to object to hearsay testimony about ownership of the stolen property. The "absence of findings of fact and conclusions as to all issues prevents this court from discharging its duties of appellate review." *Darrell A. Cooper v. State*, No. E2019-02132-CCA-R3-PC, 2020 WL 6112987, at *7 (Tenn. Crim. App. Oct. 16, 2020) (remanding case because the post-conviction court failed to make any findings of fact and conclusions of law with respect to the issues raised). The amended petition explicitly incorporated the issues raised in the pro se petition, and the court erred

by not making findings of fact and conclusions of law as to all of the Petitioner's allegations of ineffective assistance of trial counsel.  *See id.*

The judgment of the post-conviction court is reversed for its failure to comply with Tennessee Code Annotated section 40-30-111(b).  This case is remanded for findings of fact and conclusions of law regarding all of the Petitioner's ineffective assistance of counsel claims included in the Petitioner's pro se post-conviction petition and his amended petition.

_____
ROBERT H. MONTGOMERY, JR., JUDGE